# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CAMMY SHARI DEPEW                         CIVIL ACTION NO.

VERSUS                                    13-560-SDD-SCR

D. ANDREW BEAL, ET AL

## RULING

This matter is before the Court on the *Motion for Restraining Order* filed by Plaintiff, Cammy Shari Depew.[1]  It appears Plaintiff has failed to comply with the instructions of the Clerk of Court to complete U.S. Marshal Form 285 which would allow the Marshal to serve the Defendants.[2]  The record does not indicate that any Defendants have been served; thus, there has been no appearance by any Defendant in this case.

## I.    Background

Plaintiff claims that on August 18, 2012, Dean Morris LLP filed a Petition in Louisiana state court to enforce a security interest by executory process on behalf of LNV Corporation.  Plaintiff further alleges several attempts were made to cure the loan after several disputes occurred due to allegedly fraudulent assessments based on a fraudulent default of Plaintiff's mortgage.  Plaintiff contends that she attempted resolution with the mortgage company on two occasions after having been served with a Notice of Seizure. She ultimately refused to sign the documents which would have reinstated the loan

---

[1] Rec. Doc. No. 7.

[2] Rec. Doc. No. 3.

Doc 665                                         1

because the language also required Plaintiff to waive any right to sue for any disputes relating to the charges, fees, additional interest, and any alleged fraud which caused Plaintiff's alleged damages.[3]

Plaintiff claims that on February 24, 2012, she filed a Petition to Postpone Sheriff Sale. A hearing on this Petition was held in state court on July 9, 2012. The state court apparently interpreted this Petition as a request for an injunction, and the state court denied this relief. Plaintiff claims confusion at the state court's denial for an injunction when she had yet to request an injunction; however, the Court understands why the state court interpreted her Petition to Postpone Sheriff Sale as a request for an injunction based on the nature of the relief sought. Plaintiff further claims she was denied the "regular procedural mechanisms of La. C.C.P. Article 2642 that would normally place a restraining order until after the injunction was heard."[4]

Plaintiff alleges she filed a Lis Pendens in the public land records with the Clerk of Court for Ascension Parish on August 27, 2013. Nevertheless, on October 23, 2013, Dean Morris LLP and Dovenmuehle Mortgage sold the residence at Sheriff's Sale.[5] Plaintiff seeks a restraining order to prevent her "wrongful eviction" and claims that "any action taken by defendants to proceed with a sheriff sale, writ of possession, and eviction are in direction violation of Plaintiff's rights."[6]

---

[3] Rec. Doc. No. 7, ¶ 2.

[4] *Id.* at ¶ 3.

[5] *Id.* at ¶ 4.

[6] *Id.* at p. 1.

## II.    Temporary Restraining Order and Preliminary Injunction

Plaintiff has moved for a restraining order but has not requested a preliminary injunction; however, because the Court "must interpret pleadings of *pro se* litigants broadly and liberally,"[7] the Court will address relief under either mechanism.   A temporary restraining order and a preliminary injunction are remedies "that should be imposed only in extraordinary cases."[8]   Under Rule 65 of the Federal Rules of Civil Procedure, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

While Plaintiff alleges that she will suffer irreparable harm if she is evicted, she provides no date by which she has been ordered to surrender the property.   Further, Plaintiff has failed to certify any efforts made to give notice to the Defendants of either this lawsuit or this motion in particular.   Plaintiff states that she contacted someone in Dean Morris' office and "was told that their law firm was unaware of said suit.   This is a blatant lie."[9]   Plaintiff then states that she faxed a copy of the Lis Pendens to Dean Morris and verified by phone that they received the fax.[10]   However, the Court cannot rest on this conclusory statement as satisfying Rule 65(b)(1)(B) of the Federal Rules of Civil

---

[7] *United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996).

[8] *Garbutt v. Fairbanks Capital Corporation*, No. 03-1666, 2004 WL 2480490, at *1 (E.D. La. Nov. 3, 2004)(citing *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

[9] Rec. Doc. No. 7, ¶ 4.

[10] *Id.*

Procedure.  Plaintiff failed to attach any evidence, such as the fax transmittal report, to certify this notice.  Also, this would only purportedly serve to notify one Defendant and not the other ten Defendants named in this actions whose interests might be implicated. Finally, a notice of Lis Pendens is not necessarily notice of these proceedings, especially since it is clear that state court proceedings are also pending.

Furthermore, a party requesting a TRO "must 'clearly' show four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not adversely affect the public interest."[11]  Moreover, "[b]ecause such relief is an extraordinary remedy, to justify entry of a TRO or preliminary injunction, the petitioner must 'clearly carr[y] the burden of persuasion on all four elements.'"[12]

Plaintiff has only argued one of the four elements set forth above: that she will suffer irreparable injury if the injunction (or restraining order) is not granted.  Plaintiff fails to address the other requirements.  It is particularly fatal that Plaintiff has offered no evidence or argument that she possesses a substantial likelihood of success on the merits.

The Court also finds that Plaintiff has failed to sufficiently plead that she has been denied constitutional due process.  Clearly, Plaintiff has participated in the state court proceedings involving her property.  Plaintiff states that she filed a Petition to Postpone

---

[11] *Daniel v. Allstate Ins. Co.*, No. 12-2933, 2012 WL 6738765, at *4 (E.D. La. Dec. 31, 2012), quoting *RW Development, LLC v. Cunningham Grp. Architecture, Inc.*, No. 12-00224, 2012 WL 3258782, at *2 (S.D. Miss. Aug. 8, 2012).

[12] *Id.*, quoting *PCI Transp., Inc. v. Forth Worth & W.R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005)(*see also Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 332 (5th Cir. Unit B Nov. 1981)).

Sheriff Sale on February 24, 2012, and that a hearing was held on this matter on July 9, 2012.  While Plaintiff alleges that she did not understand the nature of the proceedings, she does not allege that she was not present, was not allowed to participate and be heard, or was not allowed to present evidence on her behalf.  The Court must note that "[e]xact understanding is not the standard for due process; 'notice, reasonably calculated' to inform plaintiffs of [legal proceedings] and to allow them to object is the standard by which the [legal proceeding] is judged for due process."[13]

The Court also believes that the abstention doctrine set forth in *Younger v. Harris*[14] may apply in this case as there are on-going state court proceedings, and there is no evidence that Plaintiff has been denied an adequate opportunity to raise constitutional challenges in that proceeding.  While the Court lacks sufficient information regarding the state court proceedings in this matter, the Court believes the principles in *Younger* bar the Court's consideration of Plaintiff's claims, since there has been no demonstration that the state court was given the opportunity to address any alleged constitutional defects.  Furthermore, Plaintiff clearly intends to take advantage of her rights in the state court proceeding as evidenced by her claim: "Plaintiff will file a motion for annulment or motion to rescind sale approximately seven (7) days from this filing pursuant to La C.C. 2453."[15] Accordingly, there is no reason to believe that there is no adequate remedy at law available to this Plaintiff.

---

[13] *Clark v. America's Favorite Chicken Co.*, 190 B.R. 260 (E.D. La. 1995).

[14] 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

[15] Rec. Doc. No. 7, ¶ 5.

III.    **Conclusion**

There is no evidence in the record to substantiate the allegations in Plaintiff's complaint or motion.  As these documents contain only conclusory allegations and legal conclusions, the Court cannot find that Plaintiff has satisfied the extraordinary burden required for a TRO or preliminary injunction, especially one without notice to the adverse parties.  Plaintiff's *Motion for Restraining Order* is DENIED.

IT IS SO ORDERED.

Baton Rouge, Louisiana, this /2 day of November, 2013.

                                    **SHELLY D. DICK, DISTRICT JUDGE**
                                    **MIDDLE   DISTRICT   OF   LOUISIANA**

Doc 665                                    6