UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAMMY SHARI DEPEW            CIVIL ACTION NO.

VERSUS                                13-560-SDD-SCR

D. ANDREW BEAL, ET AL

## RULING

This matter is before the Court on the *Appeal of November 12, 2013 Ruling Denying Motion for Restraining Order.*[1] The Court will interpret this motion as a motion for reconsideration or a renewed motion for a TRO. Plaintiff contends she has addressed the reasons the Court denied her previous motion and now seeks a TRO enjoining her eviction from her home.[2] For the following reasons, this motion is DENIED.

On the contrary, it appears that the eleven defendants name in this lawsuit remained unserved. Plaintiff has not set forth under Rule 65 of the Federal Rules of Civil Procedure why this Court should proceed without notice to all parties. Also, while Plaintiff attempted to address the four elements required to be shown by a party requesting a TRO, Plaintiff failed to make more than a conclusory allegation that she would likely succeed on the merits.

Finally, the Court lacks jurisdiction to allow Plaintiff to remain in a property which has been lawfully foreclosed (although Plaintiff challenges this legality) and sold at Sheriff's

---

[1] Rec. Doc. No. 10.

[2] *See Ruling*, Rec. Doc. No. 8.

Sale on October 23, 2013. As stated in the Court's previous *Ruling*, Plaintiff's lack of legal understanding of the hearing which took place does not amount to a denial of due process. In fact, the Plaintiff's participation in a hearing where she presented her arguments and evidence to the state court shows that she was extended some process.

It appears Plaintiff is attempting to use this Court as an appellate court for the state district court proceedings. The law is clear that "complaints about the constitutionality of a state court ruling may not be collaterally attacked by filing a complaint in federal district court."[3] Thus, Plaintiff may only attack the constitutionality of the rulings in the state court by appealing such rulings to the proper state appellate court and, if necessary, to the United States Supreme Court, which is the only federal court with subject matter jurisdiction to review final state high court rulings.[4] Accordingly, this Court lacks jurisdiction over Plaintiff's claims concerning the constitutionality of the prior state court rulings and has no authority to enjoin Plaintiff's eviction from property which she no longer owns.[5]

**IT IS SO ORDERED**.

Baton Rouge, Louisiana, this 25 day of November, 2013.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[3] *Hammond v. Plattsmeier*, 2008 WL 1766678 (W.D. La. Apr. 17, 2008)(citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Union Planters Bank Nat. Ass'n v. Smith*, 369 F.3d 457 (5th Cir.2004)).

[4] *Id.* at * 2, citing 28 U.S.C. § 1257.

[5] If Plaintiff is successful on the claims properly before this Court over which the Court has jurisdiction, she may be entitled to equitable relief.

Doc 723

2